1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17
18

| | |
|---|---|
| DCI SOLUTIONS INC., a California corporation, | CASE NO. 10cv0369 - IEG (BGS) |
| Plaintiff, | **ORDER GRANTING DEFENDANT AND COUNTERCLAIMANT URBAN'S MOTION TO DISMISS ITS REMAINING COUNTERCLAIMS** |
| vs. | |
| URBAN OUTFITTERS, INC., a Pennsylvania corporation, and Does 1-20, | [Doc. No. 125] |
| Defendants. | |
| AND RELATED COUNTER CLAIMS. | |

19      Presently before the Court is Defendant and Counterclaimant Urban Outfitters, Inc.

20  ("Urban")'s motion to dismiss its remaining equitable counterclaims without prejudice pursuant to

21  Federal Rule of Civil Procedure 41(a).  [Doc. No. 125.]  For the reasons below, the Court

22  **GRANTS** Urban's motion.

23                                          **BACKGROUND**

24      This case arises out of a contract dispute between Plaintiff and Counterdefendant DCI

25  Solutions Inc. ("DCI") and Urban.  The factual background of this action is forth in detail in this

26  Court's prior order granting in part and denying in part Urban's motion for summary judgment and

27  need not be repeated herein.  [See Doc. No. 60.]

28      On January 25, 2010, DCI filed this action in San Diego County superior court.  [Doc. No.

1, Compl.]  On February 16, 2010, Urban removed the action to this Court on the basis of diversity jurisdiction.  [Doc. No. 1, Notice of Removal.]  In its complaint, DCI asserted four causes of action against Urban for (1) fraud in the inducement, (2) breach of contract, (3) breach of the implied covenant of good faith and fair dealing, and (4) *quantum meruit*.  [Compl.]  On May 25, 2010, Urban filed an amended answer and counterclaims against DCI for (1) fraud in the inducement; (2) fraud; (3) breach of contract; (4) violation of California Business and Professions Code §§ 17200 et. seq.; (5) declaratory relief; and (6) rescission.  [Doc. No. 25.]

Beginning on September 6, 2011, the Court held a jury trial on all of DCI's claims and on Urban's fraud and breach of contract counterclaims.  On September 16, 2011, the jury returned a verdict in favor of Urban on all of DCI's claims and in favor of DCI on Urban's fraud and breach of contract counterclaims.  [Doc. No. 116.]  Following the verdict, the Court ordered Urban to file any motions related to its three remaining equitable counterclaims for violation of California Business and Professions Code §§ 17200 et. seq., declaratory relief, and rescission by September 26, 2011.  [Doc. No. 115.]  By the present motion, Urban seeks to dismiss these three remaining counterclaims without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  [Doc. No. 125.]

## DISCUSSION

Urban requests that the Court dismiss its fourth, fifth and sixth counterclaims without prejudice.  [Doc. No. 125.]  DCI opposes this dismissal on two grounds.  [Doc. No. 126.]  First, DCI argues that the Court should dismiss these counterclaims with prejudice, so DCI does not have to face the possibility of having to defend against these counterclaims in subsequent litigation.  [Id. at 2-3.]  Second, DCI argues that if the Court dismisses the counterclaims without prejudice, the Court should order Urban to pay DCI's attorneys' fees and costs in any subsequent litigation involving those counterclaims.  [Id. at 3-4.]

Rule 41(a) of the Federal Rules of Civil Procedure governs the voluntary dismissal of an action in federal court.  Rule 41(a)(2) provides that unless a plaintiff files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or the parties stipulate to the dismissal of the action, "an action may be dismissed at the plaintiff [or

counterclaimaint]'s request only by court order, on terms that the court considers proper." FED. R.
CIV. P. 41(a)(2).  The decision to grant or deny a motion pursuant to Rule 41(a)(2) is within the
sound discretion of the district court and may be reviewed only for abuse of that discretion.  Sams
v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir. 1980).  A court should grant a Rule 41(a)(2)
motion for voluntary dismissal unless the defendant/counterdefendant will "suffer clear legal
prejudice, other than the prospect of a subsequent suit on the same facts."  Phillips v. Illinois
Central Gulf Railroad, 874 F.2d 984, 986 (9th Cir. 1989).  The Ninth Circuit interprets "legal
prejudice" to mean "prejudice to some legal interest, some legal claim, some legal argument."
Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996).

       To protect the defendant's interests when a dismissal is without prejudice, a court can
condition a dismissal upon the payment of "appropriate costs and attorney fees."  Westlands
Water, 100 F.3d at 97.  However, the "[i]mposition of costs and fees as a condition for dismissing
without prejudice is not mandatory."  Id.; accord. Stevedoring Servs. of Am. v. Armilla Intern.
B.V., 889 F.2d 919, 921 (9th Cir. 1989).  Further, the Ninth Circuit has held that "Fed. R. Civ. P.
41(a)(2) in itself is not 'specific statutory authority' for the imposition of sanctions against an
attorney."  Heckethorn v. Sunan Corp., 992 F.2d 240, 242 (9th Cir. 1993).  "Given the
presumption that an attorney is generally not liable for fees unless that prospect is spelled out, it
would be incongruous to conclude from the broad language of Fed. R. Civ. P. 41(a)(2) that an
attorney could be sanctioned by authority of this rule alone."  Id. at 242; see also Int'l Union of
Petroleum & Indus. Workers v. Western Indus. Maintenance, Inc., 707 F.2d 425, 428 (9th Cir.
1983) ("[A]bsent contractual or statutory authorization, a prevailing litigant ordinarily may not
collect attorneys' fees.").  "Thus, the district court must have an independent basis to impose fees
and costs as a condition of voluntary dismissal."  Chavez v. Northland Group, 2011 U.S. Dist.
LEXIS 10113, at *10 (D. Ariz. Feb 1, 2011); accord. Chang v. Pomeroy, 2011 U.S. Dist. LEXIS
13806, at *2 (E.D. Cal. Feb. 10, 2011) ("[A] court cannot impose fees and costs as a condition of
voluntary dismissal absent some basis other than the mere fact of the plaintiff's request for Rule
41(a)(2).").

       DCI argues that the Court should exercise its discretion and dismiss the remaining

1    counterclaims with prejudice.  [Doc. No. 126 at 2-3.]  In support of this argument, DCI fails to

2    point to any prejudice it would suffer by a dismissal without prejudice other than the prospect of

3    facing a future lawsuit.  [See id. at 2. ("DCI will suffer prejudice if Urban's remaining claims are

4    dismissed without prejudice.  Namely, DCI faces the possibility of having to defend claims it has

5    already defeated.").]  The Ninth Circuit has stated that "the prospect of a subsequent suit on the

6    same facts" is insufficient to establish "legal prejudice."  Phillips, 874 F.2d at 986; see also

7    Westland Waters, 100 F.3d at 96 ("[T]he threat of future litigation which causes uncertainty is

8    insufficient to establish plain legal prejudice.").  Therefore, DCI has not shown that it will suffer

9    clear legal prejudice.  See id.

10        DCI also argues that the Court should dismiss these counterclaims with prejudice because

11   Urban has failed to explain why the counterclaims should be dismissed without prejudice.  [Doc.

12   No. 126 at 3.]  Urban has provided a sufficient explanation of its reason for seeking dismissal

13   without prejudice.  It explains that DCI contends that the contract at issue has a three-year window

14   for compensation that is still ongoing.  [Doc. No. 127 at 2.]  Therefore, DCI might attempt to

15   assert claims against Urban for compensation based on the contract in the future.  [Id.]

16   Accordingly, because DCI has not shown that it will suffer clear legal prejudice, and Urban has

17   provided an explanation for its request, the Court **DISMISSES WITHOUT PREJUDICE**

18   Urban's remaining equitable counterclaims.  See Phillips, 874 F.2d at 986

19        In addition, the Court declines to condition the dismissal on the payment of attorney's fees

20   and costs in any subsequent litigation.  First, DCI has provided no basis for the award of attorney's

21   fees other than Rule 41(a)(2).  Rule 41(a)(2) is not itself authority for the imposition of attorney's

22   fees, and the Court must have an independent basis to condition the dismissal of the counterclaims

23   on the award of attorney's fees.  See Heckelthorn, 992 F.2d at 242; Chavez, 2011 U.S. Dist.

24   LEXIS 10113, at *10; Chang, 2011 U.S. Dist. LEXIS 13806, at *2.  DCI has provided no statutory

25   authority or contractual provision providing for the award of attorney's fees, and DCI has

26   presented no evidence showing that Urban has "'acted in bad faith, vexatiously, wantonly, or for

27   oppressive reasons.'"  Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59

28   (1975).  Further, all the cases that the Court has reviewed have only conditioned dismissal on an

1    award of attorney's fees for the present action not subsequent litigation.  See Koch v. Hankins, 8

2    F.3d 650, 652 (9th Cir. 1993) (explaining that a defendant is only entitled to recover, as a

3    condition of dismissal, costs for work in the present action that will not be useful in subsequent

4    litigation).  DCI has not presented the Court with any case where a court conditioned dismissal on

5    an award of attorney's fees in future litigation.  If Urban does eventually bring DCI back to court

6    on these counterclaims and DCI believes that the subsequent litigation is frivolous or in bad faith,

7    DCI can seek an award of attorney's fees in that action.  See Alyeska Pipeline, 421 U.S. at 258-59;

8    see also FED. R. CIV. P. 41(d).

9                                    **CONCLUSION**

10          For the reasons above, the Court **GRANTS** Urban's motion and **DISMISSES WITHOUT**

11   **PREJUDICE** Urban's fourth, fifth and sixth counterclaims for violation of California Business

12   and Professions Code §§ 17200 et seq., declaratory relief, and rescission.

13          **IT IS SO ORDERED.**

14   **DATED:**  December 1, 2011

15                                    **IRMA E. GONZALEZ, Chief Judge**
                                      **United States District Court**

16

17

18

19

20

21

22

23

24

25

26

27

28