# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DCI SOLUTIONS INC., a California corporation,<br><br>                          Plaintiff,<br><br>   vs.<br><br>URBAN OUTFITTERS, INC., a Pennsylvania corporation, and Does 1-20,<br><br>                       Defendants.<br><br>AND RELATED COUNTER CLAIMS. | CASE NO. 10cv0369 - IEG (BGS)<br><br>**ORDER DENYING CROSS MOTIONS FOR ATTORNEYS' FEES**<br><br>[Doc. Nos. 132, 136] |

Presently before the Court is the parties' cross motions for attorneys' fees. [Doc. Nos. 132, 136.] For the reasons below, the Court **DENIES** the motions.

## BACKGROUND

This case arises out of a contract dispute between Plaintiff and Counterdefendant DCI Solutions Inc. ("DCI") and Defendant and Counterclaimant Urban Outfitters, Inc. ("Urban"). The factual background of this action is set forth in detail in this Court's prior order granting in part and denying in part Urban's motion for summary judgment and need not be repeated herein. [See Doc. No. 60.]

On January 25, 2010, DCI filed this action in San Diego County superior court. [Doc. No. 1, Compl.] On February 16, 2010, Urban removed the action to this Court on the basis of diversity

jurisdiction. [Doc. No. 1, <u>Notice of Removal</u>.] In its complaint, DCI asserted four causes of action against Urban for (1) fraud in the inducement, (2) breach of contract, (3) breach of the implied covenant of good faith and fair dealing, and (4) *quantum meruit*. [<u>Compl.</u>] In its complaint, DCI alleged that it had suffered damages in excess of $500,000. [<u>Id.</u> ¶¶ 29, 33.] On May 25, 2010, Urban filed an amended answer and counterclaims against DCI asserting causes of action for (1) fraud in the inducement; (2) fraud; (3) breach of contract; (4) violation of California Business and Professions Code §§ 17200 *et. seq.*; (5) declaratory relief; and (6) rescission. [Doc. No. 25.] In its counterclaims, Urban alleged that it had suffered damages in excess of $700,000. [<u>Id.</u> ¶¶ 18, 23, 28.]

Beginning on September 6, 2011, the Court held a jury trial on all of DCI's claims and on Urban's fraud and breach of contract counterclaims. On September 16, 2011, the jury returned a verdict in favor of Urban on all of DCI's claims and in favor of DCI on Urban's fraud and breach of contract counterclaims. [Doc. No. 116.] Following the verdict, the Court granted Urban's motion to dismiss without prejudice its remaining counterclaims for violation of California Business and Professions Code §§ 17200 *et. seq.*, declaratory relief, and rescission. [Doc. No. 129.] Subsequently, the Court entered judgment on all of the parties' claims. [Doc. Nos. 130, 131.]

By the present motions, both parties seek an award of attorneys' fees. Urban requests an award of attorneys' fees in the amount of $355,415.50. [Doc. No. 132-1 at 6.] DCI requests an award of attorneys' fees in the amount of $650,768.50. [Doc. No. 136-1 at 3.] However, in DCI's motion, DCI explains that it believes neither party is entitled to an award of attorneys' fees and that it is only seeking attorneys' fees to the extent this Court determines that an award of attorneys' fees is appropriate pursuant to California Code of Civil Procedure § 1032. [<u>Id.</u> at 1-3.]

## **DISCUSSION**

Under the American rule, the prevailing litigant ordinarily is not entitled to collect attorneys' fees from the losing party. <u>Travelers Casualty & Surety Co. of Am. v. Pacific Gas & Electric Co.</u>, 549 U.S. 443, 448 (2007). A statute or enforceable contract allocating attorneys' fees, however, can overcome this rule. <u>Id.</u> In a diversity action, state law governs whether a party

is entitled to attorneys' fees pursuant to the terms of the contract. See Security Mortgage Co. v. Powers, 278 U.S. 149, 153 (1928); Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1478 (9th Cir 1995). Under California law, attorneys' fees may be awarded if a contract provides for the allowance of attorneys' fees, and an action is instituted to enforce the provisions of the contract. See CAL. CODE CIV. PROC. § 1021; Iverson v. Spang Indus., 45 Cal. App. 3d 303, 314 (1975).

The parties agree that the contract at issue in this lawsuit allows for the award of attorneys' fees to the prevailing party. [Doc. No. 132-1 at 1-2; Doc. No. 143 at 1.] However, the parties dispute who is the "prevailing party" under the contract and what law governs that determination. Urban argues that California Code of Civil Procedure § 1032 governs the determination of who is the prevailing party under the contract and that under that statute, Urban is the "prevailing party."[1] [Doc. No. 132-1 at 3-4.] DCI argues that California Civil Code § 1717 governs the determination and that under that statute, neither party is the "prevailing party." [Doc. No. 143 at 1-4.]

California Code of Civil Procedure § 1033.5(a)(10)(A) provides that attorneys' fees are allowable as "costs" under Section 1032 when authorized by contract. CAL. CODE CIV. PRO. § 1033.5(a)(10)(B). Section 1032(b) entitles the prevailing party to recover costs, and defines a "prevailing party" as "a defendant where neither plaintiff nor defendant obtains any relief." Id. § 1032(b). Urban argues that the interplay of these two statutes show that it is the "prevailing party" in this action, and it is entitled to attorneys' fees pursuant to the agreement. [Doc. No. 132-1 at 3-4; Doc. No. 147 at 3-4.] However, California courts have rejected this argument:

> While it is true Code of Civil Procedure section 1033.5 allows fees to be considered as costs in contract cases under section 1032, it does not follow that section 1032 is the exclusive statute governing recovery of fees in contract actions. By its own terms, section 1032 defines prevailing party only for "costs" under that section and does not purport to define it for other statutes. Courts have consistently held the prevailing party for the award of costs under section 1032 is not necessarily the prevailing party for the award of attorney's fees in contract actions under section 1717.

Sears v. Baccaglio, 60 Cal. App. 4th 1136, 1142 (1998) (citations omitted); see also McLarand,

---

[1] Urban also argues that it is the prevailing party under federal law, relying on Federal Rule of Civil Procedure 54(d) and Civil Local Rule 54.1(d). [Doc. No. 132-1 at 4.] However, Urban concedes in its reply that in diversity actions, state law not federal law governs the recovery of attorneys' fees. [Doc. No. 147 at 3.] See Security Mortgage, 278 U.S. at 153; Mangold, 67 F.3d at 1478. Therefore, whether Urban is the "prevailing party" under federal law is irrelevant to the determination of whether it is entitled to attorneys' fees in the present action.

Vasquez & Partners, Inc. v. Downey Savings & Loan Assn., 231 Cal. App. 3d 1450, 1456 (1991) ("We emphatically reject the contention that the prevailing party for the award of costs under section 1032 is necessarily the prevailing party for the award of attorneys' fees").  Therefore, California Civil Code § 1717, not California Code of Civil Procedure § 1032(b), "is the applicable statute when determining whether and how attorney's fees should be awarded under a contract." Sears, 60 Cal. App. 4th at 1157; see also id. (California Civil Code § 1717 "is the statute that expressly deals with attorney's fees under a contract, and to apply section 1032 in such cases would obviate section 1717.").

California Civil Code § 1717 provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

In Hsu v. Abbara, the California Supreme Court provides the following guidance for determining who is considered the "prevailing party" under section 1717:

> [I]n deciding whether there is a "party prevailing on the contract," the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources.  The prevailing party determination is to be made only upon final resolution of the contract claims and only by "a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions."

9 Cal. 4th 863, 876 (1995) (citation omitted); accord. Scott Co. v. Blount, Inc., 20 Cal. 4th 1103, 1109 (1999); Berkla v. Corel Corp., 302 F.3d 909, 920 (9th Cir. 2002).  When a party obtains a simple, unqualified victory by completely prevailing on or defeating all contract claims in the action, and the contract contains a provision for attorneys' fees, that party is the prevailing party under section 1717 and the trial court must award that party attorneys' fees. See Scott, 20 Cal. 4th at 1109; Hsu, 9 Cal. 4th at 877.  However, "[i]f neither party achieves a complete victory on all the contract claims, it is within the discretion of the trial court to determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees." Scott, 20 Cal. 4th at 1109.

Here, both parties brought claims for breach of contract based on the agreement at issue.

1  DCI brought a breach of contract claim in its complaint alleging that it had suffered damages in
2  excess of $500,000. [Doc. No. 1 ¶ 29.]  Urban brought a breach of contract counterclaim alleging
3  that it had suffered damages in excess of $700,000. [Doc. No. 25 ¶ 28.]  Both claims were tried
4  before a jury, and the jury found that neither party was entitled to relief. [Doc. Nos. 116, 131.]

Because neither party obtained a "simple, unqualified victory" by prevailing on and defeating all contract claims in this action, the Court is not required to award attorneys' fees pursuant to section 1717. See Scott, 20 Cal. 4th at 1109; Hsu, 9 Cal. 4th at 877. Rather, it iswithin the Court's discretion to determine which party prevailed on the contract or whether neither party prevailed sufficiently to justify an award of attorneys' fees. Scott, 20 Cal. 4th at 1109. Exercising its discretion, the Court determines that because neither party obtained any relief on its breach of contract claim/counterclaim, there is no prevailing party in this action. See Hsu, 9 Cal. 4th at 875 ("'[T]ypically, a determination of no prevailing party results when both parties seek relief, but neither prevails.'"). Accordingly, the Court declines to award either party attorneys' fees pursuant to the agreement.

### CONCLUSION

For the reasons above, the Court **DENIES** Urban's motion for attorneys' fees and DCI's motion for attorneys' fees.

**IT IS SO ORDERED.**

**DATED:** January 30, 2012

*/s/ Irma E. Gonzalez*
**IRMA E. GONZALEZ**
**United States District Judge**