# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DCI SOLUTIONS INC., a California corporation,<br><br>                        Plaintiff,<br><br>  vs.<br><br>URBAN OUTFITTERS, INC., a Pennsylvania corporation, and Does 1-20,<br><br>                        Defendants.<br><br>AND RELATED COUNTER CLAIMS. | CASE NO. 10cv0369 - IEG (BGS)<br><br>**ORDER DENYING MOTION TO RE-TAX COSTS**<br><br>[Doc. No. 153] |

      Presently before the Court is Defendant and Counterclaimant Urban Outfitters ("Urban")'s motion to re-tax costs. [Doc. No. 153.] For the reasons below, the Court **DENIES** Urban's motion.

## BACKGROUND

      This case arises out of a contract dispute between Plaintiff and Counterdefendant DCI Solutions Inc. ("DCI") and Urban. The factual background of this action is set forth in detail in this Court's prior order granting in part and denying in part Urban's motion for summary judgment and need not be repeated herein. [See Doc. No. 60.]

      On January 25, 2010, DCI filed this action in San Diego County superior court. [Doc. No. 1, Compl.] On February 16, 2010, Urban removed the action to this Court on the basis of diversity

1  jurisdiction. [Doc. No. 1, <u>Notice of Removal</u>.] In its complaint, DCI asserted four causes of
2  action against Urban for (1) fraud in the inducement, (2) breach of contract, (3) breach of the
3  implied covenant of good faith and fair dealing, and (4) *quantum meruit*. [<u>Compl</u>.] In its
4  complaint, DCI alleged that it had suffered damages in excess of $500,000. [<u>Id.</u> ¶¶ 29, 33.] On
5  May 25, 2010, Urban filed an amended answer and counterclaims against DCI asserting causes of
6  action for (1) fraud in the inducement; (2) fraud; (3) breach of contract; (4) violation of California
7  Business and Professions Code § 17200 *et. seq.*; (5) declaratory relief; and (6) rescission. [Doc.
8  No. 25.] In its counterclaims, Urban alleged that it had suffered damages in excess of $700,000.
9  [<u>Id.</u> ¶¶ 18, 23, 28.]

10       Beginning on September 6, 2011, the Court held a jury trial on all of DCI's claims and on
11 Urban's fraud and breach of contract counterclaims. On September 16, 2011, the jury returned a
12 verdict in favor of Urban on all of DCI's claims and in favor of DCI on Urban's fraud and breach
13 of contract counterclaims. [Doc. No. 116.] Following the verdict, the Court granted Urban's
14 motion to dismiss without prejudice its remaining counterclaims for violation of California
15 Business and Professions Code §§ 17200 *et. seq.*, declaratory relief, and rescission. [Doc. No.
16 129.] Subsequently, the Court entered judgment on all of the parties' claims. [Doc. Nos. 130,
17 131.]

18       After the Court entered judgment, the parties filed cross motions for attorneys' fees and
19 submitted their bill of costs to the Clerk. [Doc. Nos. 132, 133, 136, 140.] On January 30, 2012,
20 the Court denied the parties' cross motions for attorneys' fees and declined to award either party
21 attorneys' fees. [Doc. No. 151.] The Court, exercising its discretion under California Civil Code
22 § 1717, determined that because neither party obtained any relief on its breach of contract
23 claim/counterclaim, there was no prevailing party in this action. [<u>Id.</u> at 5.] On March 12, 2012,
24 the Clerk declined to award costs to either party because it was unable to determine the prevailing
25 party. [Doc. No. 152.] By the present motion, Urban moves to have the costs re-taxed and
26 requests an award of costs in the amount of $7,241.98. [Doc. No. 153.]
27 ///
28 ///

# DISCUSSION

## I. Whether Federal Law or State Law Governs the Award of Costs in a Diversity Case

As an initial matter, Urban argues that state law not federal law governs the award of costs in a diversity case. [Doc. No. 153 at 2.] In support of this position, Urban cites to three out-of-circuit Court of Appeals cases holding that state law governs the award of attorneys' fees. [Id. (citing In re Sheridan, 105 F.3d 1164, 1167 (7th Cir. 1997); Mathis v. Exxon Corp., 302 F.3d 448, 461 (5th Cir. 2002); Garca v. Wal-Mart Stores, Inc., 209 F.3d 1170, 1177 (10th Cir. 2000)).] Urban also cites to this Court's prior decision applying California law in determining whether the parties were entitled to attorneys' fees. However, in making this argument, Urban fails to recognize that there is a difference between attorneys' fees and costs in a diversity case. Although state law governs the award of attorneys' fees in a diversity action, see Sec. Mortg. Co. v. Powers, 278 U.S. 149, 153 (1928); Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1478 (9th Cir. 1995), federal law governs the award of costs in a diversity action. See Aceves v. Allstate Ins. Co., 68 F.3d 1160, 1167 (9th Cir. 1995); Van Horn v. Dhillon, 2011 U.S. Dist. LEXIS 3577, at *17-21 (E.D. Cal. Jan. 10, 2011); see also 10 CHARLES WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2669 (3d ed. 2011). Accordingly, the Court will apply federal law in determining whether Urban is entitled to an award of costs.

## II. Whether Urban is Entitled to Costs Under Federal Law

Federal Rule of Civil Procedure 54(d)(1) provides: "costs–other than attorney's fees– should be allowed to the prevailing party." A party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d). Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996).

"Although the rule creates a presumption in favor of awarding costs to a prevailing party, it also vests discretion in the district court to refuse to do so. In exercising that discretion, a district court must 'specify reasons' for its refusal to award costs." Berkla v. Corel Corp., 302 F.3d 909, 921 (9th Cir. 2002) (citation omitted) (citing Ass'n of Mexican-American Educators v. Cal., 231 F.3d 572, 591 (9th Cir. 2000) (en banc)). Factors to consider in denying costs to the prevailing party include whether: (1) the issues in the case were close and difficult; (2) the prevailing party's

1  recovery was nominal or partial; and (3) the losing party litigated in good faith.
2  Mexican-American Educators, 231 F.3d at 592 n.15; see Quan v. Computer Sciences Corp., 623
3  F.3d 870, 889 (9th Cir. 2010).  In addition, where "'a defendant counterclaims for affirmative
4  relief and neither party prevails on its claim, it is quite appropriate to deny costs to both parties.'
5  Under such circumstances, each party arguably prevailed on the claim against it, but none of the
6  parties prevailed in the litigation." Exxon Mobil Corp. v. New W. Petroleum L.P., 2008 U.S. Dist.
7  LEXIS 91709, at *7-8 (E.D. Cal. Nov. 4, 2008) (citation omitted); see also Amarel, 102 F.3d at
8  1523 ("In the event of a mixed judgment, . . . it is within the discretion of a district court to require
9  each party to bear its own costs.").

10  Here, both parties brought several claims based on the agreement at issue.  DCI brought
11  four claims in its complaint alleging that it had suffered damages in excess of $500,000.  [Compl.
12  ¶ 29.]  Urban brought three counterclaims for damages alleging that it had suffered damages in
13  excess of $700,000.  [Doc. No. 25 ¶ 28.]  Both sets of claims were tried before a jury, and the jury
14  found neither party liable.  [Doc. No. 116.]  Therefore, the Court entered judgment against both
15  parties on their claims.  [Doc. No. 131.]  In this situation, the Court finds it appropriate to exercise
16  its discretion and decline to award costs to either party.  See Amarel, 102 F.3d at 1523; Exxon
17  Mobil, 2008 U.S. Dist. LEXIS 91709, at *7-8.  In addition, the Court also notes that the issues in
18  this case were close and difficult, and both parties litigated their claims in good faith.

19  In its reply, Urban argues that it should be awarded costs because it made two separate
20  offers of judgment to DCI pursuant to Federal Rule of Civil Procedure 68 that DCI rejected.  [Doc.
21  No. 155 at 3-4.]  "Under Rule 68, if a plaintiff rejects a defendant's offer of judgment, and the
22  judgment finally obtained by plaintiff is not more favorable than the offer, the plaintiff must pay
23  the costs incurred subsequent to the offer." United States v. Trident Seafoods Corp., 92 F.3d 855,
24  859 (9th Cir. 1996).  The award of costs pursuant to Rule 68 is mandatory, and Rule 68 leaves no
25  room for the court's discretion. Id.  However, Rule 68 does not apply in the present case because
26  DCI did not obtain a judgment on its claims.  The Supreme Court has explained Rule 68 "applies
27  only to offers made by the defendant and only to judgments obtained by the plaintiff," and
28  "therefore is simply inapplicable [where] it was the defendant that obtained the judgment." Delta


Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981); accord. UMG Recordings, Inc. v. Shelter Capital Partners, LLC, 667 F.3d 1022, 1050 (9th Cir. 2011). Because Urban obtained a judgment against DCI on DCI's claims, Rule 68 is inapplicable. See id.

Urban also argues that its offers of judgment make it the prevailing party under Civil Local Rule 54.1(d), which provides:

> If the defendant offers a judgment in a certain sum which is rejected by the plaintiff, and the case thereafter goes to trial with the resulting recovery (plus any authorized pre-offer costs and attorney's fees) of only the amount previously offered by the defendant, or less, then the defendant is the prevailing party.

However, even if Urban should be considered the "prevailing party" under Local Civil Rule 54.1(d), this does not change the Court's conclusion. A district court may exercise its discretion and decline to award costs to a prevailing party. Berkla, 302 F.3d at 921. For the reasons explained above, based on the circumstances in this case, the Court finds it appropriate to exercise its discretion and decline to award costs to either party.

## CONCLUSION

For the reasons above, the Court **DENIES** Urban's motion to re-tax costs.

**IT IS SO ORDERED.**

**DATED:** April 23, 2012

*[signature]*

**IRMA E. GONZALEZ**
**United States District Judge**